ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LINA ALEXANDRA BRYAN TOLEDO T/C/P LINA ALEXANDRA TOLEDO KITSOS y MONIQUE MICHELLE BRYAN TOLEDO<br><br>Apeladas<br><br>v.<br><br>JORGE VÍCTOR TOLEDO IRIZARRY y CARMEN ROSARIO TOLEDO IRIZARRY<br><br>Apelantes | TA2025AP00268 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV11151<br><br>Sobre: Partición y Liquidación de Herencia |

Panel integrado por su presidente, el Juez Ronda Del Toro, la Juez Lotti Rodríguez y la Juez Barresi Ramos[1]

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece ante nos, Jorge Víctor Toledo Irizarry y Carmen Rosario Toledo Irizarry (en conjunto, los apelantes), y nos solicitan que revoquemos la *Sentencia Parcial* dictada el día 15 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante esta, el foro primario declaró "Ha Lugar" la *Solicitud de Sentencia Sumaria Parcial* presentada por Lina Alexandra Bryan Toledo t/c/p Lina Alexandra Toledo Kitsos y Monique Michelle Bryan Toledo (en conjunto, las apeladas), y desestimó la causa de acción por enriquecimiento injusto presentada por los apelantes.

---

[1] Mediante la Orden OATA-2025-183 del 19 de septiembre de 2025, se designó a la Hon. Eileen J. Barresi Ramos, en sustitución de la Hon. Grace M. Grana Martínez.

Por los fundamentos que exponemos a continuación, revocamos la sentencia parcial apelada.

**I.**

El 25 de febrero de 1972, falleció el Sr. Jorge V. Toledo Olivieri, padre de los apelantes y abuelo de las apeladas. Son sus herederos sus hijos Eva Yolanda, Jorge Víctor y Carmen Rosario, de apellidos Toledo Irizarry y su entonces viuda Eva María Irizarry Fusté, en la cuota usufructuaria que determina la ley. El 3 de septiembre de 2014, falleció la Sra. Eva Yolanda Toledo Irizarry (señora Evita). Son sus herederas sus hijas Lina Alexandra Bryan Toledo t/c/c Lina Alexandra Toledo Kitsos y Monique Michelle Bryan Toledo, aquí apeladas.

El 26 de diciembre de 2022, las apeladas presentaron una *Demanda Enmendada* en la que solicitaron la liquidación del caudal de su abuelo Jorge V. Toledo Olivieri y el caudal de su abuela Eva María Irizarry Fusté.[2] Al momento del fallecimiento de Evita no se había llevado a cabo la partición del caudal de su padre, Jorge V. Toledo Olivieri. El 7 de diciembre de 2020, falleció la Sra. Eva María Irizarry Fusté, madre de los apelantes y abuela de las apeladas. Son sus herederos sus hijos Jorge V. Toledo Irizarry y Carmen Rosario Toledo Irizarry y sus nietas Lina Alexandra Bryan Toledo y Monique Michelle Bryan Toledo. Según las apeladas, el apelante Jorge V. Toledo Irizarry ha estado a cargo de la administración de ambos caudales hereditarios, sin que haya rendido cuenta a estas de ambos caudales.

Los bienes inmuebles pertenecientes a la referida sucesión son los siguientes:

a. Calle Eleanor Roosevelt 237, San Juan, Puerto Rico.
b. Calle Eleanor Roosevelt 239, San Juan, Puerto Rico.

---

[2] Entrada #3 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

c. Calle Tous Soto # 201, Urb. Baldrich, San Juan, P.R.
d. Calle Tous Soto # 223, Urb. Baldrich, San Juan, P.R.
e. Calle Tous Soto # 225, Urb. Baldrich, San Juan, P.R.
f. Condominio Cecilia Bay, Apt. 6-A, Luquillo, P.R.
g. Condominio Cecilia Bay, Apt. 6-B, Luquillo, P.R.
h. Participaciones en propiedades en los municipios de Adjuntas, Villalba y Utuado.

En respuesta, el 19 de enero de 2023, los apelantes presentaron *Alegación Responsiva Contestación a la Demanda y Reconvención*.[3] En la misma, reclamaron la suma de $160,500.00 por el alegado uso exclusivo de la propiedad ubicada en el 225 de la Calle Tous Soto, en Hato Rey, por Evita durante veintinueve (29) años.[4] Conforme surge de la *Reconvención Enmendada*, los apelantes alegaron que Evita ocupó el mencionado inmueble de forma exclusiva, excluyendo a los apelantes del uso de este, provocando con ello un enriquecimiento injusto.[5] Por tanto, estos reclamaron tener derecho a ser indemnizados por el uso exclusivo del referido bien por parte de Evita, madre de las apeladas.

Luego de varios trámites procesales, el 12 de febrero de 2025, las apeladas presentaron ante la consideración del TPI una *Solicitud de Sentencia Sumaria Parcial*.[6] Se acompañó en dicha moción una *Declaración Jurada*, emitida por Evita durante el año 2014.[7] Allí, Evita estableció que los dueños de la propiedad eran sus padres: el Sr. Jorge V. Toledo Olivieri y la Sra. Eva María Irizarry Fusté, en un cincuenta por ciento (50%) cada uno. Evita declaró que esta continuó residiendo en la propiedad luego de que su señor padre, Jorge V. Toledo Olivieri, falleciera en 1972. Además, aseguró que la propiedad estaba dedicada al uso de vivienda, por lo que no se alteró el uso para el cual estaba

---

[3] Entrada #8 de SUMAC TPI.
[4] Posteriormente, en su *Reconvención Enmendada*, sometida el 25 de abril de 2023, los apelantes reclamaron que el uso exclusivo que tuvo Evita de la propiedad generó un enriquecimiento injusto valorado en $200,000.00
[5] Entrada #36 de SUMAC TPI.
[6] Entrada #136 de SUMAC TPI.
[7] Íd., Anejo 1.

destinada la misma. Por último, surge de la referida declaración que Evita era dueña de una tercera (1/3) parte de esa otra mitad y era la responsable de cubrir todos los gastos, arreglos y reparaciones de la propiedad desde 1971, fecha en que se mudó a la misma.

Por su parte, el 13 de marzo de 2025, los apelantes presentaron su *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial y Solicitud de Sentencia Sumaria Parcial a Favor de los Codemandados*.[8] Allí, alegaron que su derecho a un crédito surgía a partir del mes de julio del año 1994, dado que en esa fecha se le cursó a Evita una carta que reclamaba el uso exclusivo que esta daba a algunas propiedades del caudal. Al respecto, la primera comunicación disponía, entre otras cosas, lo siguiente: "ya que no quisiste o no pudiste comprar la casa entiendo que puedes pagar una renta razonable por su disfrute al igual que por el disfrute de la parte del edificio que ocupas como oficina".[9]

Además, estos anejaron una segunda comunicación, con fecha de 30 de enero de 1998. En esta, se le reclamó a Evita el uso exclusivo o "cuasi exclusivo" que hacía de dos (2) propiedades no identificadas de la comunidad hereditaria, lo cual insistieron que constituyó un acto obstativo de parte de estos.[10] En resumen, los apelantes anejaron a la solicitud de sentencia sumaria los siguientes documentos:

> Anejo 1: Declaración Jurada suscrita por el demandado Jorge V. Toledo Irizarry el día 12 de marzo de 2025 en San Juan, Puerto Rico.
>
> Anejo 2: Copia de una carta enviada por el demandado Jorge V. Toledo Irizarry a Eva Toledo Irizarry a la dirección de su oficina en Calle Eleanor Roosevelt # 237 Hato Rey, Puerto Rico 00918 en el mes de julio de 1994, reclamando el pago de una renta por la casa, y por la parte del edificio

---

[8] Entrada #144 de SUMAC TPI.
[9] Íd., Anejo 2.
[10] Íd., Anejo 4.

que ocupa como oficina. Envía copia a su madre Eva Toledo y a su hermana Carmen R. Toledo.

Anejo 3: Copia del sobre con matasellos del correo en el cual la otra hermana del demandado Jorge V. Toledo Irizarry, la aquí demandada Carmen R. Toledo Irizarry recibió su copia de la carta.

Anejo 4: Carta enviada a Eva Y. Toledo Irizarry el 30 de enero de 1998 con copia a su madre, la Lcda. Eva Irizarry, y a su hermana, la Lcda. Carmen R. Toledo.

Anejo 5: Declaración Jurada suscrita por la demandada Carmen R. Toledo Irizarry el día 13 de marzo de 2025 en Fulton County, Georgia.

Anejo 6: estimado de renta acumulada para la propiedad ubicada en la Calle Tous Soto # 225 Urb. Baldrich en San Juan, Puerto Rico, para el período del 1 de enero de 1985 hasta septiembre de 2014 preparada por el CPA Oscar E. Ortiz.[11]

Así las cosas, el 15 de julio de 2025, notificada el 16 de julio de 2025, el TPI concedió la *Sentencia Parcial* solicitada por las apeladas y denegó la solicitada por los apelantes.[12] En síntesis, luego de que el TPI analizara las comunicaciones que el apelante Jorge V. Toledo Irizarry alegadamente cursó a Evita resolvió que estas no constituyeron un acto obstativo.

El foro primario sostuvo que, en la primera comunicación, el señor Toledo Irizarry hizo referencia a tres (3) propiedades sin especificar cuáles son y, en lo pertinente a la controversia ante nos, no solicitó renta sobre la propiedad de la Calle Tous Soto #225 en la Urb. Baldrich, y esta no tiene fecha. De lo anterior, razonó que la fecha era necesaria para determinar desde cuando se le debía exigir el crédito a un comunero que hizo un uso exclusivo de un bien que pertenece a la comunidad hereditaria.

A su vez, el TPI señaló que la segunda comunicación, fechada 30 de enero de 1998, el apelante Jorge V. Toledo Irizarry le reclamó a Evita un uso exclusivo o "cuasi exclusivo" de dos (2) propiedades sin indicar cuáles son. Igualmente, el foro primario

---

[11] Entrada #144, "Anejos" de SUMAC TPI.
[12] Entrada #181 de SUMAC TPI.

razonó que los apelantes no proveyeron evidencia que acredite que Evita recibiera alguna de las dos (2) comunicaciones. Finalmente, sostuvo que aun asumiendo que Evita las recibiera, no cumplen con la doctrina, ya que Jorge V. Toledo Irizarry no hizo un reclamo de renta.

Por tanto, el foro primario resolvió desestimar la segunda causa de acción de la *Reconvención Enmendada* por enriquecimiento injusto. Luego que el TPI considerara los escritos presentados por las partes, la prueba documental, así como la totalidad del expediente de autos, formuló los siguientes hechos materiales como incontrovertidos:

1. Las demandantes son hijas de Evita y herederas de ésta.

2. Evita falleció el 3 de septiembre de 2014.

3. Conforme surge de la Declaración Jurada suscrita por Evita el 18 de julio de 2014, ella residió en la propiedad que ubica en la Urb. Baldrich, Calle Tous Soto 225, San Juan, PR, desde 1971 hasta la fecha de dicha Declaración.

4. La propiedad estaba dedicada al uso de vivienda y Evita usó la propiedad como dicho concepto.

5. Los dueños de la propiedad eran los padres de Evita: el Sr. Jorge V. Toledo Olivieri y la Sra. Eva Irizarry Fusté en un cincuenta por ciento (50%) cada uno.

6. Los dos padres de Evita dieron su consentimiento para que ella residiera en la propiedad.

7. El Sr. Jorge V. Toledo Olivieri falleció el 25 de febrero de 1972.

8. Evita residía en la propiedad desde antes de que falleciera su señor padre en 1972.

9. Evita continuó residiendo en la propiedad luego de que su señor padre falleciera.

10. Descontada la cuota viudal de la mitad de la propiedad que le pertenecía a su señor padre, Evita era dueña de una tercera parte de esa otra mitad.

11. Evita era la responsable de cubrir todos los gastos, arreglos y reparaciones de la propiedad desde 1971, fecha en que se mudó a la misma.

12. El Sr. Jorge Víctor Toledo residió en la propiedad de forma intermitente hasta el 1985.

13. Es en la Reconvención original, por primera vez, los demandados reclaman el pago de una suma por el uso de la propiedad por parte de Evita.

14. La reclamación por enriquecimiento injusto fue sometida por la parte demandada, por primera vez, en la Reconvención Enmendada.

El 25 de julio de 2025, los apelantes presentaron un escrito de *Reconsideración*.[13] Allí, sostuvieron, entre otras cosas, que el TPI entró a dirimir la credibilidad de las declaraciones juradas y los documentos admisibles en evidencia presentados por las apeladas sin la celebración de una vista evidenciaria. Analizada la posición de los apelantes, el 27 de julio de 2025, notificada el 29 de julio de 2025, el TPI emitió *Resolución* en la cual denegó la *Reconsideración* presentada.[14]

Inconforme con el proceder del TPI, el 21 de agosto de 2025, los apelantes presentaron el recurso ante nos y señalan la comisión de los siguientes errores:

> Cometió error manifiesto el TPI al dictar sentencia sumaria parcial a favor de la parte demandante, a pesar de que la oposición a la solicitud de sentencia sumaria parcial presentada por la parte demandada claramente controvertía, con evidencia admisible, 7 de los hechos materiales incontrovertidos propuestos por la parte demandante en su Solicitud de Sentencia Sumaria sin la celebración de una vista evidenciaria.

> Cometió error manifiesto el TPI al dictar sentencia sumaria parcial a favor de la parte demandante a pesar del craso incumplimiento de la parte demandante con todos los requisitos que dispone la Regla 36.3 (b) en cuanto a la organización y contenido del escrito en oposición a una solicitud de sentencia sumaria.

> Cometió error manifiesto el TPI al entrar a evaluar la credibilidad de los documentos y declarar sentencia sumariamente a favor de la parte demandante, habiendo controversia de hechos materiales, en contravención al ordenamiento y las decisiones del Tribunal Supremo.

> Cometió error manifiesto el TPI al no dictar sentencia sumaria a favor de la parte demandada toda vez que la parte demandante no contravino ninguno de los 8 hechos materiales y pertinentes propuestos por la parte demandada en su solicitud de sentencia sumaria parcial.

---

[13] Entrada #184 de SUMAC TPI.
[14] Entrada #185 de SUMAC TPI.

Cometió error manifiesto el TPI al desestimar la causa de acción por enriquecimiento injusto presentada por la parte demandada debido al uso exclusivo de la propiedad residencial comunitaria por la madre de los demandantes.

Por su parte, el 12 de septiembre de 2025, las apeladas presentaron su *Alegato de las Apeladas*. Allí, nos solicitan que se confirme la *Sentencia Parcial* recurrida, ya que la misma se basó en la prueba que el TPI tuvo ante su consideración y sostenía los hechos alegados por estas. Asimismo, aducen que el TPI estaba impedido de dictar sentencia sumaria a favor de los apelantes, ya que los documentos sometidos no sostienen los alegados hechos que no están en controversia.

**II.**

**A.**

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. Universal Company y otros v. ELA, 211 DPR 455, 472 (2023); Roldán Flores v. M. Cuebas, Inc., 199 DPR 664, 672 (2018); Rodríguez Méndez v. Laser Eye, 195 DPR 769, 785 (2016); Meléndez González et al. v. M. Cuebas, 193 DPR 100, 109 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013); Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).

Tal herramienta posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que, de los documentos no controvertidos, surja que no hay una controversia real y sustancial sobre los hechos materiales

del caso. <u>Universal Company y otros v. ELA</u>, *supra*; <u>Ramos Pérez v. Univisión</u>, *supra*, pág. 214.

La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32 LPRA Ap. V, R. 36.1. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. <u>Universal Company y otros v. ELA</u>, *supra*; <u>Meléndez González et al. v M. Cuebas</u>, *supra,* pág. 110; <u>Ramos Pérez v. Univisión</u>, *supra*, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja de que no existe controversia real y sustancial en cuanto algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.; <u>Pérez Vargas v. Office Depot</u>, 203 DPR 687, 698 (2019).

La parte promovida, por su parte, deberá presentar una oposición a la solicitud  de sentencia sumaria debidamente fundamentada. <u>Rodríguez Méndez v. Laser Eye</u>, 195 DPR 769, 787 (2016). No podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte solicitante. <u>BPPR v. Zorrilla Posada y Otro</u>, 214 DPR 329, 338-39

(2024); Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Meléndez González et al. v. M. Cuebas, *supra*, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria, si procede como cuestión de derecho. Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; Universal Company y otros v. ELA, *supra;* Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014).

En cuanto a la sentencia sumaria por insuficiencia de la prueba, esta modalidad se adoptó de la esfera federal. Rodríguez Méndez v. Laser Eye, 195 DPR 769, 786 (2016); Medina v. M.S. & D. Química P.R., Inc., 135 DPR 716, 731 (1994). Esta procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso y requiere del promovente establecer que: (1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su reclamación, y (3) como cuestión de derecho, procede la

desestimación de la reclamación. Rodríguez Méndez v. Laser Eye, *supra*, pág. 786.

Ahora bien, para disponer del pleito mediante una solicitud de sentencia sumaria por ausencia de prueba es indispensable que se le haya brindado a la parte promovida amplia oportunidad para realizar un descubrimiento de prueba adecuado y debe quedar demostrado que, una vez este concluye, la prueba descubierta no satisface los elementos necesarios para establecer su causa de acción. Rodríguez Méndez v. Laser Eye, *supra*, pág. 787. Así pues, consumado un descubrimiento de prueba adecuado, la parte promovida deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Íd.

Cónsono con lo anterior, para derrotar una moción de sentencia sumaria por insuficiencia de prueba, la parte promovida debe, entre otras cosas, presentar con su oposición una prueba admisible en evidencia o que dé lugar a prueba admisible. De manera que, este debe demostrar que existe evidencia para probar los elementos esenciales de su caso, o que hay prueba en el récord que puede convertirse en admisible y que derrotaría la contención de insuficiencia del promovente. Pérez v. El Vocero de P.R., 149 DPR 427, 449 (1999); Medina v. M.S. & D. Química P.R., Inc., *supra*, pág. 733.

A la modalidad de sentencia sumaria por insuficiencia de la prueba le aplican todas las normas y principios que tradicionalmente hemos indicado deben utilizarse por los tribunales al entender en una moción de sentencia sumaria. Por lo tanto, cuando existe duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida. Medina v. M.S. & D. Química P.R.,

Inc., *supra*, pág. 734. Sólo debe concederse la moción de sentencia sumaria desestimando una reclamación cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba. En cuanto a los documentos que se presenten, éstos deben verse de la forma más favorable para la parte promovida, concediéndole a ésta el beneficio de toda inferencia razonable que se pueda derivar de ellos. Medina v. M.S. & D. Química P.R., Inc., *supra*, pág. 734.

A tenor con lo anterior, al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos: (1) considerar los documentos que se presentaron ante el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l Shipping, et al., 208 DPR 964, 981 (2022); Meléndez González et al. v. M. Cuebas, *supra*, pág. 114. Así pues, el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. Esta revisión es una *de novo*. Meléndez González et al. v. M. Cuebas, *supra*, pág. 116.

La sentencia sumaria sólo debe dictarse en casos claros y cualquier duda sobre la existencia de una controversia de hechos debe ser resuelta contra la parte la presenta. González Aristud v. Hosp. Pavía, *supra,* 138; Mgmt. Adm. Servs. Corp. v. E.L.A., 152 DPR 599, 610 (2000); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 DPR 714, 720 (1986). No deben resolverse mediante dicho mecanismo los casos muy complejos, aquellos en que falte información sobre hechos pertinentes ni aquellos en los que esté

involucrado el interés público. <u>González Aristud v. Hosp. Pavía,</u> *supra,* pág. 138.

**B.**

El ordenamiento jurídico vigente a los hechos del caso es el Código Civil de 1930 (derogado) 31 LPRA ant. sec. 1 *et seq*. El Artículo 326 de dicho Código establece que existe una comunidad de bienes "cuando la propiedad de una cosa o de un derecho pertenece *proindiviso* a varias personas". 31 LPRA sec. 1271. Según la doctrina de comunidad de bienes, todo comunero puede usar la cosa común siempre y cuando no afecte el interés de la comunidad y la use conforme con su destino. Art. 328 del Código Civil 1930, 31 LPRA sec. 1273; <u>Díaz v. Aguayo,</u> 162 DPR 801, 809 (2004). Asimismo, en <u>De la Fuente v. A. Roig Sucrs.,</u> 82 DPR 514, 534 (1961), se determinó que el uso de un bien común para el beneficio exclusivo de uno de los comuneros conlleva el pago de una compensación a la comunidad.

Ahora bien, nuestro Tribunal Supremo ha expresado que el uso exclusivo del bien por uno solo de los comuneros no siempre conllevará el pago de una compensación a los demás. <u>Matos Rivera v. Soler Ortiz,</u> 213 DPR 1044, 1058 (2024); <u>Molina González v. Álvarez Gerena,</u> 203 DPR 442, 455 (2019). Esto, ya que el hecho de que solo uno de los comuneros use la cosa común no convierte por sí solo en un uso ilícito. <u>Matos Rivera v. Soler Ortiz,</u> *supra,* pág. 1058. Dado a que, puede ser que se prestara un consentimiento expreso o tácito, o que los comuneros llegaran a un acuerdo sobre el uso del bien. <u>Díaz v. Aguayo,</u> *supra,* pág. 814.

Cónsono con lo anterior, para que el uso exclusivo de uno de los comuneros sea ilícito y exista una acción por resarcimiento mediante crédito, es necesario que el otro comunero infrinja una

reglamentación específica del uso o que al comunero afectado se le impida utilizar el bien, o que se le requiera una compensación económica por ese uso incompatible con su derecho, como sería una renta. Matos Rivera v. Soler Ortiz, *supra,* pág. 1058. Por ende, el mero uso de la cosa común por uno solo de los comuneros no supone un uso ilícito que requiera un resarcimiento por privación de uso de los demás en la comunidad hereditaria.

No obstante, para que un comunero tenga el derecho al pago de una compensación por el tiempo en que fue excluido de su participación en la comunidad, deberá identificar un acto obstativo que suponga tal exclusión o haber realizado un requerimiento afirmativo. Molina González v. Álvarez Gerena, *supra,* pág. 457. Es decir, será a partir de ese requerimiento que se considerará que nació la obligación de resarcir al otro comunero que fue excluido de su uso, mediante la compensación o un crédito.

Nuestro Tribunal Supremo ha reconocido que la efectividad del requerimiento no dependerá de requisitos de forma alguna, sino que será un asunto de prueba que se deberá dirimir conforme a la normativa de derecho probatorio. Matos Rivera v. Soler Ortiz, *supra,* pág. 1076 n.35; Rivera Lamberty v. Rodríguez Amador, 205 DPR 194, 215–216 (2020)(Sentencia).

Cabe señalar que, la jurisprudencia ha demostrado las dificultades inherentes para determinar desde qué momento se entiende que un comunero efectivamente ha excluido a otro de su participación en el bien común. Por tanto, ese análisis requiere un examen detenido de los hechos de cada caso y que se tome en consideración la relación entre los comuneros. Molina González v. Álvarez Gerena, *supra*, pág. 456–57.

Por otra parte, el caso de <u>Rivera Lamberty v. Rodríguez Amador,</u> *supra,* pág. 215, es una sentencia emitida por el Tribunal Supremo sobre unos excónyuges comuneros. Allí, se explicó que, para activar la responsabilidad de un comunero residente a pagar un crédito por privación de uso, el requerimiento del otro comunero debe exhibir un grado mínimo de especificidad. Por ende, bastará que el requerimiento de uso identifique el bien comunal objeto del requerimiento y sea dirigido al otro comunero. Íd.

### III.

Los apelantes alegan que el TPI erró al dictar sentencia sumaria parcial a favor de las apeladas. Esto, a pesar de que la *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial y Solicitud de Sentencia Sumaria Parcial a Favor de los Codemandados* presentada por estos establecía siete (7) hechos materiales incontrovertidos. A su vez, entienden que el foro primario incidió al no dictar sentencia sumaria a su favor, toda vez que las apeladas no contravinieron ninguno de los ocho (8) hechos materiales y pertinentes propuestos por este en su solicitud de sentencia sumaria parcial. Por último, estos aducen que el TPI erró al desestimar la causa de acción por enriquecimiento injusto presentada.

Al evaluar una solicitud de sentencia sumaria, nos encontramos en idéntica posición que el foro primario al pasar juicio sobre esta, y de igual manera aquilatar el escrito en oposición presentado. Es decir, que la revisión de la solicitud de sentencia sumaria ante este foro apelativo resulta *de novo.* En virtud de ello, procedemos a resolver.

La *Solicitud de Sentencia Sumaria Parcial* de las apeladas propone al TPI diecisiete (17) hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, a saber:

1- Las demandantes son las hijas de Evita.

2- Evita falleció el 3 de septiembre de 2014.

3- Evita residió en la propiedad de la calle Tous Soto # 225 desde 1971 hasta la fecha en que firmó la Declaración Jurada que se unió a la SSP como Anejo (18 de julio de 2014).

4- La propiedad estaba dedicada al uso de Vivienda y Evita utilizó la propiedad para dicho uso.

5- Los dueños de la propiedad eran los padres de Evita, con una participación de un 50% cada uno.

6- Los padres de Evita dieron su consentimiento para que ella residiera en la propiedad.

7- El Sr. Jorge V. Toledo Olivieri falleció el 25 de febrero de 1972.

8- Evita residía en la propiedad desde antes del fallecimiento de su padre.

9- Evita continuó residiendo en la propiedad luego del fallecimiento de su padre.

10- Descontada la cuota viudal de la mitad de la propiedad perteneciente a su padre, Evita era dueña de 1/3 parte de esa mitad.

11- Evita era responsable de cubrir todos los gastos, arreglos y reparaciones de la propiedad desde 1971.

12- El demandado Jorge Víctor Toledo Irizarry residió en la propiedad de forma intermitente hasta 1985.

13- La parte demandada reclama que Evita residió en la propiedad de forma exclusiva y así lo reclama en la Reconvención Enmendada.

14- En la Reconvención Enmendada la parte demandada reclama la suma de $160,500.00 por el uso exclusivo de la propiedad.

15- En la Reconvención original es donde, por primera vez, se reclama el pago de una suma por el uso exclusivo de la propiedad por Evita.

16- En la Reconvención Enmendada la parte demandada reclama que el uso exclusivo de la propiedad por parte de Evita generó un enriquecimiento injusto valorado en $200,000.00.

17- La reclamación de enriquecimiento injusto fue sometida por la parte demandada por primera vez en la Reconvención Enmendada.[15]

No obstante, los apelantes en su *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial y Solicitud de Sentencia Sumaria Parcial a Favor de los Codemandados* reconocieron los hechos 1, 2, 4, 5, 7, 10, 12, 13 y 14 propuestos por las apeladas como no controvertidos, y sometieron los hechos 3, 6, 8, 9, 11, 15, 16 y 17 como controvertidos. Asimismo, los apelantes en su solicitud de sentencia sumaria alegaron que estos hechos no están en controversia:

1. El demandado Jorge V. Toledo Irizarry residió en la Calle Tous Soto 225 hasta el 11 de marzo de 1985 cuando adquirió un apartamento en el Condominio Venus Plaza D.

2. Previo al fallecimiento del Sr. Jorge Toledo Olivieri, el 25 de septiembre de 1972, la Sra. Eva Yolanda Toledo Irizarry residía con sus hijas en el Apt. 2119 del Condominio Condado del Mar, propiedad de sus padres.

3. En el mes de julio de 1994, el codemandado Jorge V. Toledo Irizarry le cursó una comunicación escrita a su hermana Eva Yolanda Toledo Irizarry por el uso exclusivo que hacía de las 3 propiedades pertenecientes a la herencia de su difunto padre, y el pago de rentas por las mismas, incluyendo la propiedad de la Calle Tous Soto # 225 en la Urb. Baldrich y el Apt. de Luquillo.

4. Los apelantes aseveraron que una copia de la carta indicada le fue enviada por el demandado Jorge V. Toledo Irizarry a la demandada Carmen R. Toledo Irizarry.

5. Los apelantes aseveraron que con fecha de 30 de enero de 1998 el compareciente Jorge V. Toledo Irizarry le envió una comunicación escrita a su hermana Eva Yolanda Toledo Irizarry reclamando el uso exclusivo que hacía de la comunidad hereditaria, el pago de renta y/o la liquidación de la herencia.

6. El día 18 de julio de 2014, la señora Eva Yolanda Toledo Irizarry, pese a los errores en las fechas, reconoció bajo juramento haber residido de forma permanente en la propiedad comunitaria ubicada en la calle Tous Soto # 225 Urb. Baldrich en San Juan, P.R.

7. La participación del apelante en el bien inmueble objeto de la solicitud de sentencia sumaria parcial es de una tercera (1/3) parte.

---

[15] Entrada #136 de SUMAC TPI.

8. Con fecha de 30 de agosto de 2023, el CPA Oscar E. Ortiz preparó una tabla de estimado de renta promedio acumulada para la propiedad de Calle Tous Soto # 225 en la Urb. Baldrich San Juan, P.R., cubriendo el período desde 1985 a 2014.[16]

De los hechos antes citados, el foro primario no le dio credibilidad a las dos (2) comunicaciones escritas que el apelante Jorge V. Toledo Irizarry, alegadamente cursó a Evita. Esto, pese a que estas cartas fueron anejadas a la solicitud de sentencia sumaria de los apelantes, junto a unas declaraciones juradas que aseguraban lo allí dispuesto. El foro primario razonó que, en la primera comunicación los apelantes reclamaron el uso exclusivo o "cuasi exclusivo" de tres (3) propiedades sin especificar cuáles son. Además, sostuvo que en esa comunicación los apelantes no solicitaron renta sobre la propiedad de la Calle Tous Soto #225 en la Urb. Baldrich, y esta no estaba fechada. De lo anterior, razonó que la fecha era necesaria para determinar desde cuando se le debe exigir el crédito a un comunero que hizo un uso exclusivo de un bien que pertenece a la comunidad hereditaria.

A su vez, en la segunda comunicación, fechada 30 de enero de 1998, el apelante Jorge V. Toledo Irizarry le reclamó a Evita un uso exclusivo o "cuasi exclusivo" de dos (2) propiedades sin indicar cuáles son. Igualmente, el foro primario razonó que los apelantes no proveyeron evidencia que acredite que Evita recibiera alguna de las dos (2) comunicaciones. Finalmente, sostuvo que aun asumiendo que Evita las recibiera, no cumplen con la doctrina, ya que los apelantes no hicieron un reclamo de renta adecuado.

Una evaluación de todas las mociones que se suscribieron ante el TPI sobre la solicitud de sentencia sumaria parcial, nos

---

[16] Entrada #144 de SUMAC TPI.

permiten establecer hechos en controversia que no permiten mantener la sentencia parcial dictada y que aquí revisamos. Concluimos que existe controversia sobre los hechos 3, 6, 8, 9, 11, 13 y 14 que fueron determinados como incontrovertidos por el TPI, y para ser dilucidados es necesario celebrar un juicio en su fondo.

La realidad es que la oposición a la Solicitud de Sentencia Sumaria, y las declaraciones juradas de Jorge Toledo y Carmen Toledo establecen esos hechos en controversia. Ante esa realidad se dejan sin efecto las determinaciones de hechos antes mencionadas.

Según vimos, nuestro Tribunal Supremo ha reconocido que la efectividad del requerimiento de un comunero por el uso exclusivo no dependerá de requisitos de forma alguna, sino que será un asunto de prueba que se deberá dirimir conforme a la normativa de derecho probatorio. Matos Rivera v. Soler Ortiz, *supra,* pág. 1076 n.35; Rivera Lamberty v. Rodríguez Amador, *supra*, 215–216. Ciertamente, en las comunicaciones no se especifica las propiedades que los apelantes alegan que se le estuvo privando de su uso. No obstante, esto es un asunto que el foro primario estaría en mejor posición si se dirime en un juicio en su fondo, aunque Evita residiera en la propiedad Calle Tous Soto #225 desde 1971 hasta 2014,[17] existe controversia sobre desde cuándo comenzó Evita a vivir en dicha propiedad y en qué fecha se le requirió el pago de renta por Jorge y Carmen. Según la declaración jurada de ambos, en distintas ocasiones se le pidió el pago de renta a Evita, ello es necesario aclararlo con precisión y para eso es necesario un juicio en su fondo.

---

[17] Véase, Entrada #136, "Declaración Jurada" de SUMAC TPI.

Además, conviene que el TPI pase juicio sobre si se hizo un reclamo de renta, debido a que en las cartas se menciona un alegado uso exclusivo y la posibilidad de que Evita pagara renta. Igualmente, si bien es cierto que la primera carta no estaba fechada, no es menos cierto que los apelantes incluyeron un sobre con matasellos de correo en el que alegaron que se entregó la referida carta. Por si fuera poco, también existe controversia de si Evita recibió las referidas comunicaciones.

Por tanto, en este caso, hay varias controversias sustanciales de hechos materiales que aún no se han resuelto. Adviértase que, no se trata de asuntos incidentales, sino de hechos fundamentales que van a la médula de la resolución del caso en sus méritos. Es sabido, que la sentencia sumaria solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes. En fin, es notorio que de ambas comunicaciones se requiere la dilucidación e interpretación de estas, así como otros elementos subjetivos para su adjudicación que no es posible hacerla mediante solicitud de sentencia sumaria.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, *revocamos* la sentencia parcial dictada por el TPI y ordenamos la continuación de los procedimientos a la luz de lo aquí resuelto.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones